91 Ill.2d 122 (1982)
435 N.E.2d 473
In re J.N., A Minor, Appellant (The People of the State of Illinois, Appellee).
No. 54362.
Supreme Court of Illinois.
Opinion filed March 29, 1982.
Rehearing denied May 27, 1982.
*124 Mary Robinson, Deputy Defender, and Kyle Wesendorf, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.
Tyrone C. Fahner, Attorney General, of Springfield, and Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko, William L. Browers, and David Mannchen, of the State's Attorneys Appellate Service Commission, of Elgin, of counsel), for the People.
Vacated and remanded.
JUSTICE WARD delivered the opinion of the court:
The appeal involved here is from an order imposing a term of supervision upon J.N., a minor, after he was found guilty of criminal damage to property. The appellate court, in a Rule 23 order (73 Ill.2d R. 23), dismissed the minor's appeal (89 Ill. App.3d 1204), saying that it lacked jurisdiction. The court considered that the order placing J.N. on supervision was not a final judgment within the meaning of our constitution's provision granting a right of appeal only from final judgments of circuit courts (Ill. Const. 1970, art. VI, sec. 6). We allowed the minor's *125 petition for leave to appeal. 73 Ill.2d Rules 315, 612, 660.
A petition for adjudication of J.N. as a delinquent was filed in the circuit court of Kane County on March 22, 1979. The petition alleged that J.N. had committed the offense of criminal damage to property in excess of $150 (Ill. Rev. Stat. 1979, ch. 38, par. 21-1). On April 23 an amended petition, which set out a different residential address for J.N., was filed.
The court conducted an adjudicatory hearing that was concluded on July 17, 1979. After the hearing, the court entered an order continuing the matter to July 30 for disposition. The order stated: "On presentation of the evidence, the minor respondent is found guilty of criminal damage to property over $150 as per State's original petition." On July 30, the matter was again continued "for disposition."
On August 7, 1979, the court issued two orders that raise the basis for this appeal. One was entitled "Dispositional Order/Conditions of Supervision/1 yr." The form used in preparing the order contained the word "probation," in its title, but it was crossed out in ink. The order provided that, "[a]s conditions of supervision/probation," J.N. must report to a probation officer, permit the probation officer to visit him, reside with his parents, pay restitution, pay the court costs of the proceeding, and observe a curfew. The order stated that the matter was continued to August 5, 1980, "for review."
The other order which was entered on August 7, 1979, was entitled "Hearing Order." It stated that the cause was continued until August 5, 1980. The order provided that during that period the minor was to continue under supervision through "Juvenile Court Services." The order noted that the cause was being "continued for supervision/continued for review."
The appellate court held that the orders did not constitute a final judgment. Rather, the appellate court *126 judged, the trial court had only continued the hearing on the matter pursuant to section 4-7 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 704-7). That section provides:
"In the absence of objection made in open court by the minor, his parent, guardian, custodian or responsible relative, the court may, before proceeding to findings and adjudication, or after hearing the evidence but before noting in the minutes of proceeding a finding of whether or not the minor is a person described in Section 2-1 [that is a delinquent, a minor in need of supervision, or a neglected or dependent minor], continue the hearing from time to time, allowing the minor to remain in his own home subject to such conditions as to conduct and visitation and supervision by the probation officer or other designee of the court as the court may prescribe. * * *"
The appellate court concluded that the circuit court had continued the matter rather than disposed of it by placing the minor on probation. The court reasoned that the circuit court had not expressly found J.N. to be a delinquent minor and had not adjudged him a ward of the court. Moreover, the "Hearing Order" used the expression "continued under supervision," and the word "probation" had been crossed out from the title of the "Dispositional Order." Upon the appellate court's dismissal of the appeal, it assessed State's Attorney's fees against the minor in the amount of $75.
We judge that the appellate court erred in dismissing the appeal. Although the orders here purported, at least in part, to be orders of continuance, in substance and realistically they constituted a final judgment.
Except where a rule of this court provides for an interlocutory appeal, the appellate court has jurisdiction to review only final judgments. (Ill. Const. 1970, art. VI, sec. 6; Commonwealth Loan Co. v. Baker (1968), 40 Ill.2d 506, 508; People v. Miller (1966), 35 Ill.2d 62, 67.) Under our Rule 660(a) (73 Ill.2d R. 660(a)), appeals from *127 final judgments in delinquency proceedings are governed by the rules applicable to criminal cases, except where specifically provided otherwise.
A judgment is final if it decides the controversy between the parties on the merits and fixes their rights, so that, if the judgment is affirmed, nothing remains for the trial court to do but to proceed with its execution. (Roddy v. Armitage-Hamlin Corp. (1948), 401 Ill. 605, 609; Anderson v. Anderson (1975), 28 Ill. App.3d 1029, 1032; Allabastro v. Wheaton National Bank (1980), 91 Ill. App.3d 222, 224.) In criminal cases, there is no final judgment without a sentence. (People v. Allen (1978), 71 Ill.2d 378, 381; People v. Warship (1974), 59 Ill.2d 125, 130.) Similarly, in proceedings under the Juvenile Court Act, the dispositional order results in the final judgment. See In re Smith (1980), 80 Ill. App.3d 380; In re Lee (1979), 73 Ill. App.3d 449.
The Act sets out these rules in regard to delinquency proceedings:
"(1) After hearing the evidence the court shall make and note in the minutes of the proceeding a finding of whether or not the minor is a person described in Section 2-1 [that is, a delinquent]. If it finds that the minor is not such a person or that the best interests of the minor and the public will not be served by adjudging him a ward of the court, the court shall order the petition dismissed and the minor discharged from any detention or restriction previously ordered in such proceeding.
(2) If the court finds that the minor is a person described in Section 2-1 and that it is in the best interests of the minor and the public that he be made a ward of the court, the court shall * * * adjudge him a ward of the court and proceed at an appropriate time to a dispositional hearing." (Ill. Rev. Stat. 1979, ch. 37, par. 704-8.)
The Act provides for a number of types of dispositional orders, one of which is conditional discharge or probation with "conditions as may be ordered by the court." Ill. Rev. Stat. 1979, ch. 37, par. 705-3(2)(o).
*128 We consider that the circuit court here entered what was in effect a dispositional order. In determining whether a judgment is final, one should look to its substance rather than to form. (Mills v. Ehler (1950), 407 Ill. 602, 610; Oak Brook Bank v. Citation Cycle Co. (1977), 45 Ill. App.3d 1053, 1057.) In substance, the result of the trial court's action was to place J.N. on probation or to provide for a conditional discharge.
The circuit court did not refer to section 4-7, from which we quoted above and under which the appellate court considered the circuit court had acted. Instead, the order setting out the conditions of supervision cited section 5-3 of the Act (Ill. Rev. Stat. 1979, ch. 37, par. 705-3), which provides for the dispositional orders of probation and conditional discharge. While the circuit court did not explicitly find J.N. to be a delinquent, it did find J.N., who was 13 years old, guilty of the offense as charged in the petition for adjudication as a delinquent. The court pronounced the finding of guilt in open court and in a written order that was never vacated. Considering this, we must treat that finding as a finding of delinquency, because the Act defines a delinquent as a minor who "prior to his 17th birthday has violated * * * any federal or state law * * *." Ill. Rev. Stat. 1979, ch. 37, par. 702-2.
Really then, placing J.N. on "supervision" was to make a disposition of the case. As with any other dispositional order in a delinquency proceeding, the judgment was final because all that remained to be done by the court was to execute the judgment. In this case, all that remained was later to terminate formally the status of supervision.
We recognize that under the Act a dispositional order is not to be entered until after the court has adjudged the minor a ward of the court. It has been held, however, that if a dispositional order is entered without the requisite adjudication of wardship, the judgment embodied in the *129 dispositional order is nevertheless final and appealable. (In re Younger (1977), 45 Ill. App.3d 922, 924; In re Horton (1977), 45 Ill. App.3d 264, 265-66.) Further, the minor need not be explicitly adjudged to be a ward of the court in order to give the court jurisdiction. An adjudication of wardship may be implied. (In re Scott (1978), 62 Ill. App.3d 367, 368.) We consider that under the circumstances here the adjudication by the judge of the minor to be a ward of the court is reasonably to be implied.
The People contend that an appeal should not be allowed because the record shows "the absence of objection" by J.N. or his parents or counsel to his being placed on supervision. The People point to the language of section 4-7, which we have set out above, and say that a minor's case can be continued on supervision only with his consent, i.e., without his objection. This consent to continuing the case is, under the terms of section 4-7, inconsistent with the notion of an appeal. Therefore, they claim, appeal should not be allowed.
As we have observed above, the People's reliance on section 4-7 is misplaced. That section permits the court to place a minor on supervision before findings and adjudication. Here, the court placed J.N. on supervision after a finding of guilt, which J.N. unequivocally protested and sought to challenge on appeal. Under these circumstances, that is, after being found guilty and being placed on supervision, J.N. did not waive appeal by simply failing to express an objection to being placed on supervision. Cf. People v. Sims (1965), 32 Ill.2d 591, 593 (defendant did not waive his right to review his conviction by accepting a grant of probation); People v. Shambley (1954), 4 Ill.2d 38, 39-41 (defendant who was found guilty of a criminal offense and fined did not waive his right to review the conviction by paying the fine).
For the reasons given, the order of the appellate court dismissing the appeal is vacated. As the order assessing *130 State's Attorney's fees was based upon dismissal of the appeal, we direct the appellate court to vacate that order. The cause is remanded to the appellate court for consideration of the questions raised in the appeal.
Vacated and remanded, with directions.