*In re* M.W.W., a Minor-(The People of the State of Illinois, Petitioner-Appellee, *v.* M.W.W., Respondent-Appellant).

Second District No. 2—83—0579

Opinion filed June 21, 1984.—Supplemental opinion filed on denial of rehearing August 21, 1984.

REINHARD, J., dissenting.

G. Joseph Weller and Jan K. Dargel, both of State Appellate Defender's Office, of Elgin, for appellant.

Theodore Floro, State's Attorney, of Woodstock (Phyllis J. Perko and Sally A. Swiss, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

A petition for adjudication of wardship was filed in the circuit court of McHenry County against the minor-respondent, M.W.W., alleging that he had committed the offenses of theft under $300 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(2)) and criminal damage to property (Ill. Rev. Stat. 1981, ch. 38, par. 21—1(d)). Following an adjudicatory hearing on April 8, 1983, the court entered an order continuing the matter to May 20, 1983, for disposition. The order stated that "from the evidence presented, the matters in the petition are proved

to the required degree and the court enters findings thereon." Findings of guilt were also pronounced in open court. However, an adjudication of wardship was expressly withheld pending a social investigation.

At the dispositional hearing on May 20, 1983, the court entered an order continuing the minor under supervision pursuant to section 4—7 of the Juvenile Court Act (hereinafter the Act) (Ill. Rev. Stat. 1981, ch. 37, par. 704—7). The order specifically found that "at the present time the best interests of the minor and of the public do not require the wardship of the court." The court then ordered the adjudication of wardship stayed under certain terms and conditions, which included that M.W.W. report to his probation officer "as directed," that he perform 40 hours of public service, and that he make restitution to the victims in the amount of $40. The matter was continued to May 18, 1984, "for final review." On appeal, the minor contends that the State failed to establish the *corpus delicti* of the two charged offenses, and that his guilt of the offenses was not proved beyond a reasonable doubt. The State responds to these contentions and also raises the additional contention that the order appealed from is not a final and appealable order. We first consider the State's challenge to appealability. We do not reach the merits of the minor-respondent's appeal, since we believe the case must be reversed and remanded on a ground not raised by the parties; *i.e.,* the trial court's lack of jurisdiction to enter the dispositional order.

Section 4—7(1) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 704—7(1)) authorizes the trial court to enter an order of continuance under supervision pursuant to certain specified conditions:

> "Sec. 4—7. (1) The court may enter an order of continuance under supervision (a) upon an admission or stipulation by the appropriate respondent or minor respondent of the facts supporting the petition and before proceeding to findings and adjudication, *or after hearing the evidence at trial but before noting in the minutes of proceeding a finding of whether or not the minor is a person described in Section 2—1*; and (b) in the absence of objection made in open court by the minor, his parent, guardian, custodian, responsible relative, defense attorney or the State's Attorney." (Emphasis added.)

Section 2—1 of the Act, to which the above provision refers, describes persons subject to proceedings under the Act and includes, among others, delinquent minors. (Ill. Rev. Stat. 1983, ch. 37, par. 702—1.) As is evident from the above-quoted language, a continuance under supervision pursuant to section 4—7 does not finally dispose of the

merits of the State's petition for an adjudication of delinquency, but provides only for a continuance of the proceedings. (*In re A.M.* (1981), 94 Ill. App. 3d 86, 88, 418 N.E.2d 484.) As such, it is an order which is necessarily not based on a judgment (see *People v. Breen* (1976), 62 Ill. 2d 323, 326, 342 N.E.2d 31; *In re A.M.* (1981), 94 Ill. App. 3d 86, 88, 418 N.E.2d 484), and is unappealable except where the Supreme Court Rules permit interlocutory appeal. (*In re A.M.* (1981), 94 Ill. App. 3d 86, 88, 418 N.E.2d 484.) While the rules permit interlocutory appeal from certain orders under the Juvenile Court Act (87 Ill. 2d Rules 662, 663; *In re A.M.* (1981), 94 Ill. App. 3d 86, 88, 418 N.E.2d 484), those orders are not implicated in the present case. Thus, if in fact the order here is an order for continuance under supervision pursuant to section 4—7 of the Act, as it so states on its face, then the State's assertion of unappealability is correct.

In the present case, however, the order for continuance under supervision was entered after the trial court found the minor guilty of the charged offenses but before an express adjudication of the minor's delinquency. Under these same circumstances, this court held in *In re A.M.* (1981), 94 Ill. App. 3d 86, 418 N.E.2d 484, that an order for continuance under supervision was not a final and appealable order. However, since our decision in *In re A.M.,* the Illinois Supreme Court has held that a finding of guilt in open court and in a written order that was never vacated is tantamount to a finding of delinquency, since the Juvenile Court Act defines a delinquent minor as a minor who "prior to his 17th birthday has violated *** any federal or state law ***." (*In re J.N.* (1982), 91 Ill. 2d 122, 128, 435 N.E.2d 473; see Ill. Rev. Stat. 1981, ch. 37, par. 702—2.) Given this recent pronouncement by our State's highest court, we must necessarily conclude that the trial court's placement of M.W.W. on "supervision" after its findings of guilt was really, but for what follows later, a disposition of the case akin to probation (see Ill. Rev. Stat. 1983, ch. 37, par. 705—3), and not merely a continuance as contemplated by section 4—7 of the Juvenile Court Act. (*In re J.N.* (1982), 91 Ill. 2d 122, 128, 435 N.E.2d 473; Ill. Rev. Stat. 1983, ch. 37, par. 704—7.) Section 4—7, as pertinent here, authorizes a continuance under supervision only "before noting *** a finding of whether or not the minor is a person described in Section 2—1; ***." (Ill. Rev. Stat. 1983, ch. 37, par. 704—7(1)(a).) Under the Juvenile Court Act, a dispositional order results in a final judgment and is, therefore,. appealable. *In re J.N.* (1982), 91 Ill. 2d 122, 127, 435 N.E.2d 473; see *In re Smith* (1980), 80 Ill. App. 3d 380, 399 N.E.2d 701.

However, the plot thickens. We believe that under the circum-

stances of this case, the court's dispositional order was entered without authority. Under the Juvenile Court Act, a dispositional order is not to be entered until after the court has adjudged the minor a ward of the court. (*In re J.N.* (1982), 91 Ill. 2d 122, 128, 435 N.E.2d 473; *In re Younger* (1977), 45 Ill. App. 3d 922, 923, 360 N.E.2d 396; *In re Horton* (1977), 45 Ill. App. 3d 264, 360 N.E.2d 394; Ill. Rev. Stat. 1983, ch. 37, par. 704—8.) Section 4—8 of the Act provides, in relevant part:

> "(1) After hearing the evidence the court shall make and note in the minutes of the proceeding a finding of whether or not the minor is a person described in Section 2—1. If it finds that the minor is not such a person *or that the best interests of the minor and the public will not be served by adjudging him a ward of the court, the court shall order the petition dismissed and the minor discharged from any detention or restriction previously ordered in such proceeding.*
>
> (2) If the court finds that the minor is a person described in Section 2—1 and that it is in the best interests of the minor and the public that he be made a ward of the court, the court shall note in its findings whether he is delinquent, addicted, requiring authoritative intervention, neglected or dependent, specifying which of Sections 2—2 through 2—5 is applicable, and shall adjudge him a ward of the court and proceed at an appropriate time to a dispositional hearing." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 37, par. 704—8.)

It has been held that a minor need not be *explicitly* adjudged to be a ward of the court in order to give the court jurisdiction to enter a dispositional order. (*In re J.N.* (1982), 91 Ill. 2d 122, 129, 435 N.E.2d 473.) An adjudication of wardship may be implied from the circumstances of the case. (*In re J.N.* (1982), 91 Ill. 2d 122, 129, 435 N.E.2d 473; *In re Scott* (1978), 62 Ill. App. 3d 367, 368, 379 N.E.2d 72.) However, the application of these principles is inappropriate where, as here, the court has specifically found that "at the present time the best interests of the minor and of the public do not require the wardship of the court," and where an adjudication of wardship was expressly stayed. (*Cf. In re J.N.* (1982), 91 Ill. 2d 122, 128-29, 435 N.E.2d 473.) The language of the dispositional order here is in our view mutually exclusive. Absent either an explicit adjudication of wardship or circumstances under which such an adjudication may be implied, the trial court is without jurisdiction to enter a dispositional order. (See *In re Horton* (1977), 45 Ill. App. 3d 264, 360 N.E.2d 394; *In re Younger* (1977), 45 Ill. App. 3d 922, 923, 360 N.E.2d 396.) We

therefore reverse the dispositional order and remand the cause with directions that the trial court determine whether an adjudication of wardship is in order and, if made, a dispositional order may be entered. (See *In re Martin* (1977), 48 Ill. App. 3d 341, 346-47, 363 N.E.2d 29.) However, if it is found that the minor should not be adjudged a ward, the petition shall be dismissed. (*In re Martin* (1977), 48 Ill. App. 3d 341, 347, 363 N.E.2d 29; Ill. Rev. Stat. 1983, ch. 37, par. 704—8(1).) Alternatively, the trial court may vacate its earlier findings of guilt and enter an order for continuance under supervision pursuant to section 4—7 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 704—7; see *In re J.N.* (1982), 91 Ill. 2d 122, 128, 435 N.E.2d 473).

Accordingly, the judgment of the circuit court of McHenry County is reversed and remanded with directions, in accordance herein.

Reversed and remanded.

SEIDENFELD, P.J., concurs.

JUSTICE REINHARD, dissenting:
Section 4—7(1)(a) of the Juvenile Court Act authorizes the trial court to enter an order of continuance under supervision which, if properly entered, is a nonfinal order not appealable under the present Supreme Court Rules. (See *In re A.M.* (1981), 94 Ill. App. 3d 86, 418 N.E.2d 484.) However, in a juvenile court case where the supervision order entered was "in effect a dispositional order," such order is final and appealable. (*In re J.N.* (1982), 91 Ill. 2d 122, 435 N.E.2d 473.) The troublesome problem here is that from the record the court below clearly intended to continue the cause and place the minor under supervision pursuant to section 4—7(1)(a), but also expressly found the minor "guilty" of the two allegations of delinquent acts set forth in the petition in apparent conflict with the section 4—7(1)(a) language which allows an order of continuance under supervision after hearing evidence at a trial "before noting in the minutes of the proceeding a finding of whether or not the minor is a person described in Section 2—1." Also, in contrast to *In re J.N.*, where the supreme court implied an adjudication of wardship under the facts present therein, here the trial court specifically found that the best interests of the minor and of the public do not require wardship.

My observations thus far are not in disagreement with the conclusions in the majority opinion. Where I depart is that I believe we should disregard the findings of guilty of the two allegations of delin-

quency, as it is absolutely clear on this record that the trial court intended to enter an order of continuance under supervision pursuant to section 4—7(1)(a). This being so, the supervision order entered below is not final and the trial court still has jurisdiction to vacate its findings of guilty.

Section 4—7(1)(a) provides for an order of continuance under supervision even where the minor contests the petition in an evidentiary hearing. It seems to follow logically that once there is an evidentiary hearing the trial court will normally state whether the facts alleged in the petition have been proved. If the facts are not proved, the petition is dismissed. If the facts have been proved, the Juvenile Court Act in section 4—7 provides for a comprehensive scheme of supervision, distinct from the supervision provision for adult offenders under the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—6—1, 1005—6—3.1), and significantly different from the kinds of other dispositional orders in juvenile cases provided for upon an adjudication of wardship. (See Ill. Rev. Stat. 1983, ch. 37, par. 705—2.) As we said in *In re A.M.* (1981), 94 Ill. App. 3d 86, 89-90, 418 N.E.2d 484, the statutory provision for supervision "promotes the simultaneous goals of protecting the minor from the taint of a 'record,' and [enables] the court to rehabilitate the minor and protect the public."

The minor's choice to seek appellate review of the trial court's adverse finding in a contested hearing is protected, as the objection to a continuance under supervision by the minor, his parent, guardian, responsible relative, his attorney, or the State's Attorney prevents the entry of such an order. (Ill. Rev. Stat. 1983, ch. 37, par. 704—7(2).) Nevertheless, if the minor does not object to a continuance under supervision, the trial court may choose to enter an order for a continuance under supervision, which is a nonfinal, unappealable order. In the instant case, the minor's attorney asked the court to place the minor under an order of continuance under supervision in conformance with a recommendation in a report submitted by the department of court services. Under these facts, I would find the trial court entered a valid, but unappealable, order of a continuance under supervision, and would dismiss the appeal. As the trial court still has jurisdiction, it can vacate the guilty findings in order to be in compliance with section 4—7(1)(a).

### SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE HOPF delivered the opinion of the court:

■ Upon denial of the petitions for rehearing, we note that in his

petition for rehearing respondent M.W.W. contends that this court would risk subjecting him to double jeopardy if it does not review the sufficiency of the evidence against him. (*People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366; *In re McGovern* (1978), 62 Ill. App. 3d 1049, 379 N.E.2d 937.) We have reviewed the record and the merits of respondent's contentions and find that there is sufficient evidence to establish the *corpus delicti* of the offenses and M.W.W.'s guilt of those offenses beyond a reasonable doubt.

The petitions for rehearing are denied.

SEIDENFELD, P.J., concurs.