*In re* R.R., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. R.R., Respondent-Appellee).

Second District    No. 2—86—0463

Opinion filed August 20, 1987.—Rehearing denied September 16, 1987.

314

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE DUNN delivered the opinion of the court:

The State appeals from an order dismissing its petition for adjudication of wardship against the minor respondent, R.R. A petition for adjudication of wardship was filed in the circuit court of Lake County against the minor alleging that he had committed the offenses of theft (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)) and criminal damage to property (Ill. Rev. Stat. 1985, ch. 38, par. 21—1(a)). While the original petition was pending, the State filed a supplemental petition alleging that the minor had committed a residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3). The State contends that the trial court erred in failing to make a delinquency finding before proceeding to the adjudication and the trial court abused its discretion when it found that an adjudication of wardship was not in R.R.'s best interest.

The record reveals that the State filed a petition for adjudication of wardship of the minor on September 9, 1985, alleging that R.R. was a delinquent minor based on the commission of theft and criminal damage to property. These charges stemmed from R.R.'s having taken a two-way radio valued in excess of $300 from a high school and throwing the radio in a toilet so as not to be caught with it. The

minor originally denied the allegations of the petition but then admitted to the theft after negotiating with the State. In return, the State withdrew the count charging R.R. with criminal damage to property and recommended 12 months' supervision and 50 hours of public service. The court received the minor's admission after it heard the State's factual basis. The cause was continued for ruling and disposition.

On December 11, 1985, because the minor appeared without his parents, the court continued the matter. On the way home from court, R.R. allegedly committed the offense of residential burglary. As a result, the State filed a supplemental petition and withdrew its previous negotiation for supervision on the original petition.

At the hearing held on January 17, 1986, the minor indicated that he intended to admit to the theft and burglary despite the State's decision to no longer recommend supervision. After the court heard the State's factual basis for the underlying residential burglary charge, the court refused to accept the minor's admission with regard to that charge and scheduled the matter for trial. The State then moved for a substitution of judges based on the court's refusal to accept the minor's admission of residential burglary. The State argued that the court in refusing to accept the minor's admission was retaliating against the State for its failure to agree to supervision of the minor. The record reflects that the court granted the State's motion and transferred the cause to Judge Hartel.

The trial on the residential burglary charge occurred on February 6, 1986, before Judge Hartel. At trial, Nancy Bitner testified that R.R. had been a friend of her son's and had visited their home in the past. On December 11, 1985, however, Bitner did not give R.R. permission to enter her home. Bitner stated that on December 11, 1985, after she had taken her son to school and no one remained home, a neighbor summoned her home because the neighbor had observed an intruder enter her home. When Bitner arrived home, the police were present and apprehended the minor. Bitner testified that while nothing was missing, a package that had been gift wrapped was torn open, two boxes of instant soup were found beneath her bed; and a crystal turtle figurine valued at $12 had been removed from the dining room table and placed under her bed.

The State indicated that had Officer Dennis testified he would have reported that he found R.R. in Bitner's bedroom hiding in the closet on December 11, 1985. Officer Jackson testified that he questioned R.R. regarding the incident. R.R. told the officer that on his way home from juvenile court, he became cold and hungry, so he de-

cided to stop at his friend's home. R.R. opened and climbed through a window. When R.R. noticed the police outside the home, he hid in the bedroom closet. When Officer Jackson asked him about the turtle figurine, R.R. appeared not to understand him. In response to the officer's question, "What would someone do with a glass turtle?" R.R. answered he would give it to his grandmother.

R.R. testified on his behalf that he entered the home in order to telephone his stepgrandmother for a ride home and to get warmed. R.R. denied moving the figurine but admitted that he had intended to eat the soup. At the close of the testimony, the court found the minor responsible for residential burglary and continued the cause for ruling and disposition.

The record reveals that on February 28, 1986, a hearing occurred "for ruling and disposition on original and supplemental petition No. 1." After the parties presented the aggravating and mitigating factors and the social investigation, the court ordered a continuance under supervision pursuant to section 4—7 of the Juvenile Court Act (Act) (Ill. Rev. Stat. 1985, ch. 37, par. 704—7) for a period of 11 months under terms and conditions of the court. The court overruled the State's objections to supervision.

Thereafter, the State filed a motion for reconsideration, arguing that the court was required to proceed to findings and adjudication upon the State's objection to a continuance under supervision pursuant to section 4—7(1)(a) of the Act (Ill. Rev. Stat. 1985, ch. 37, par. 704—7(1)(a)). The State sought a dispositional hearing. While no transcript of the hearing on reconsideration is available, the record includes a bystander's report which indicates that the court granted the State's motion but would not proceed to adjudicate the minor a ward of the court without first considering the best interests of the minor and the public. In an order dated April 24, 1986, the court vacated the previous order of supervision and dismissed the petitions because the court found that "it is not in the best interest of the minor to be adjudicated a delinquent ward, the petition for adjudication of wardship is hereby dismissed." From this order, the State appeals.

Before reaching the State's contentions, we must address the minor's argument that this appeal should be dismissed because the order dismissing the petitions is not appealable by the State. While R.R. does not dispute that the State is appealing from a final order, R.R.'s position can be summarized as follows: (1) the court's determination not to adjudicate R.R. a ward of the State is tantamount to a sentencing order which the State may not appeal, and (2) Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)), which governs the State's ability

to appeal from dismissal orders, does not contemplate appeals from orders dismissing petitions for adjudication of wardship.

■ In regard to the original petition, we reject the minor's contentions regarding its appealability. We agree with the State's position that the original petition is appealable because the court failed to make a guilt determination. As previously mentioned, the trial court did not determine R.R.'s culpability with regard to the theft charge. The court merely accepted R.R.'s admission without pronouncing whether he was delinquent before proceeding to adjudication. A minor's admission to charges is not treated exactly the same as a plea of guilty in a criminal case. In a criminal proceeding:

> " 'A plea of guilty is more than a confession which admits that the accused did various acts; *** nothing remains but to give judgment and to determine punishment.' [Citation.] An admission, however, merely authorizes the court to find the minor to be delinquent. If the judge makes such a finding but decides that the adjudication of wardship is not in the best interests of the minor and the public, he may, even after admission, dismiss the petition and discharge the minor. [Citation.]" (*In re Beasley* (1977), 66 Ill. 2d 385, 390-91, 362 N.E.2d 1024.)

Therefore, the State is not appealing from an unfavorable "sentence" as the minor contends, but appeals from the court's failure to make a determination.

■ Additionally, the minor contends that Supreme Court Rule 604(a)(1) (107 Ill. 2d 604(a)(1)), which governs the State's ability to appeal from dismissal orders, does not contemplate appeals from dismissals of petitions for adjudication of wardship. Rule 604(a)(1) provides:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *dismissing a charge* for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (Emphasis added.) (107 Ill. 2d R. 604(a)(1).)

Rule 604(a)(1) is not applicable in this case because the trial court did not dismiss the theft charge against the minor. (*In re McGovern* (1978), 62 Ill. App. 3d 1049, 1052, 379 N.E.2d 937.) The court, however, failed to rule on the charge. In the absence of the necessary ruling, the cause should be remanded on the issue to the trial court for further consideration. (*National Tea Co. v. Commerce & Industry Insurance Co.* (1983), 119 Ill. App. 3d 195, 200, 456 N.E.2d 206.) Be-

cause the determination involves a question of fact, not a question of law, we remand the cause rather than reach a decision on our own.

■ ■ Regarding the supplemental petition, we hold that the State is precluded from appealing its dismissal. The State acknowledges that the trial court had authority to adjudicate the minor because a determination regarding delinquency for the residential burglary charge was implicit from the court's finding of responsibility after a trial was held. (*In re J.N.* (1982), 91 Ill. 2d 122, 128, 435 N.E.2d 473; *In re M.W.W.* (1984), 125 Ill. App. 3d 833, 835, 466 N.E.2d 588.) The State, however, appeals from the court's determination not to adjudicate the minor a ward of the court. The State argues that the court abused its discretion. The parties have not cited authority, nor have we found authority, concerning the question whether such issue may be reviewed on appeal. The minor argues that an appeal from the dismissal of the supplemental petition is tantamount to the State's appealing from an acquittal or a sentence in a criminal case. Appeals from a judgment of acquittal are not permitted. (Ill. Rev. Stat. 1985, ch. 38, par. 3—4(a)(1).) The doctrine of double jeopardy applies to delinquency proceedings as it does to criminal proceedings. (*In re McGovern* (1978), 62 Ill. App. 3d 1049, 1052, 379 N.E.2d 937.) The State responds that the court's dismissal was "not a dispositional order but was, at most, a ruling on a condition precedent to any disposition which might be entered." If we accept the State's argument, then the order would not be appealable because only dispositional orders can be appealed. *In re Smith* (1980), 80 Ill. App. 3d 380, 381, 399 N.E.2d 701.

Additionally, the State's reliance on *People v. Oswald* (1982), 106 Ill. App. 3d 645, 435 N.E.2d 1369, is misplaced. The court in *Oswald* held that the termination of court supervision was not an acquittal from which an appeal is barred. The court indicated that an acquittal occurs only when " ' "the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." ' [Citation.]" (106 Ill. App. 3d 645, 646-47, 435 N.E.2d 1369.) In this juvenile proceeding, the trial court was faced with two factual issues: whether the minor was responsible for residential burglary and whether, considering the best interests of the minor and the public, the minor should be adjudicated a ward of the court. The factual determination of the second issue was in the minor's favor, unlike the situation in *Oswald.*

Further, a trial on the merits was held, and the court explicitly found the minor responsible for the offense of residential burglary. In

*In re Driver* (1977), 46 Ill. App. 3d 574, 575-76, 360 N.E.2d 1202, the court indicated that a minor's attacking a bench finding of wardship based on the evidence is analogous to a criminal defendant's attack on the sufficiency of evidence to convict in a criminal bench trial. Conversely, we consider the State's attack on a bench finding of no wardship impermissible as a challenge of a sentence. In this case, the court considered the social investigation report and the factors in mitigation and aggravation before determining that the best interests of the minor did not require an adjudication of wardship. Likewise, in a criminal case, the court considers a presentence report and the mitigating and aggravating factors when imposing a sentence. We conclude that no appeal can be taken from the disposition in this case after the minor had been found responsible. Therefore, we do not address the State's contention that the best interests finding was an abuse of discretion except to note that once it is established that the respondent is a delinquent minor, it does not necessarily follow that it is in his best interests to be declared a ward of the court. 46 Ill. App. 3d 574, 576-77, 360 N.E.2d 1202.

■ Reviewing the State's claim that the original petition was improperly dismissed, we conclude that the court failed to make a delinquency finding. Therefore, the court acted without jurisdiction when it proceeded to determine that the minor's best interests would not require adjudication of wardship. Section 4—8 of the Act (Ill. Rev. Stat. 1985, ch. 37, par. 704—8(1)) provides:

> "After hearing the evidence the court shall make and note in the minutes of the proceeding a finding of whether or not the minor is a person described in Section 2—1 [delinquent]. If it finds that the minor is not such a person, the court shall order the petition dismissed and the minor discharged from any detention or restriction previously ordered in such proceeding."

Therefore, the Act requires the court to note in its findings whether the respondent is delinquent before proceeding to an adjudication of wardship and disposition.

■ The minor argues that the delinquency finding is implicit with regard to the original petition. We disagree. The court failed to make a guilt or responsibility finding which is the equivalent of delinquency. The minor's admission is not the same as a finding of juvenile delinquency by the court. (See *In re Beasley* (1977), 66 Ill. 2d 385, 390-91, 362 N.E.2d 1024.) An adjudication may not stand on the basis of a confession alone. *In re D.A.* (1983), 114 Ill. App. 3d 522, 526, 448 N.E.2d 1036.

■ The minor also argues that a remand would serve no purpose.

Nevertheless, we hold that remand is necessary where the trial court lacked jurisdiction to proceed to adjudication. In an analogous situation, where the court proceeded to an adjudication of wardship without explicit best interests findings, the reviewing court held that the trial court lacked jurisdiction to enter a dispositional order and, therefore, remanded the cause to the trial court for a determination of whether there had been an adjudication of wardship. The court must pronounce its findings. When the reviewing court vacated the finding of wardship, the trial court was without jurisdiction to enter a dispositional order, and that order was also vacated. (*In re Driver* (1977), 46 Ill. App. 3d 574, 575-76, 360 N.E.2d 1202.) Also, in *In re M.W.W.* (1984), 125 Ill. App. 3d 833, 466 N.E.2d 588, the trial court lacked jurisdiction to enter a supervision order for failure to follow proper procedures. Absent an adjudication of wardship, the trial court had no authority to order supervision of the minor. Accordingly, the court remanded the cause to the trial court for an adjudication.

For the foregoing reasons, the cause is remanded with directions for the trial court to determine whether the minor was delinquent with regard to the original petition. If the minor is found delinquent, then the court must proceed to determine whether it is in the minor's and the public's best interest for the minor to be adjudicated a ward of the State, and, if so, to enter a dispositional order.

Affirmed in part, reversed in part, and remanded with directions.

HOPF and NASH, JJ., concur.