# Illinois Official Reports

## Appellate Court

---

### *In re Michael D.*, 2015 IL App (1st) 143181

---

| | |
|---|---|
| Appellate Court Caption | *In re* MICHAEL D., a Minor (The People of the State of Illinois, Plaintiff-Appellee, v. Michael D., a Minor, Defendant-Appellant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-14-3181 |
| Filed | March 20, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-JD-20137; the Hon. Richard F. Walsh, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Christopher Kopacz, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, John E. Nowak, and Katarina Durcova, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Justices McBride and Reyes concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant Michael D., a minor, was found guilty of one count of theft by deception and placed on supervision for one year pursuant to a newly enacted provision of the Juvenile Court Act of 1987 (the Act). Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(1) (West 2012)).

¶ 2    The new provision allows a trial court to "enter an order of continuance under supervision" even after "a finding of delinquency." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(1) (West 2012)). Prior to the amendment of the Act, a trial court could enter a supervision order only *before* a finding of delinquency (*In re Veronica C.*, 239 Ill. 2d 134, 146 (2010)), and a supervision order *before* a delinquency finding was an interlocutory order that was generally not appealable.[1] *In re M.W.W.*, 125 Ill. App. 3d 833, 835 (1984); *In re A.M.*, 94 Ill. App. 3d 86, 90 (1981).

¶ 3    The question before us is whether we are also without jurisdiction to consider a supervision order entered *after* a delinquency finding, which the 2014 amendment now permits. The State argues that we lack jurisdiction, while defendant argues that we have jurisdiction and should proceed to review his substantive claims challenging the underlying finding of guilt.

¶ 4    For the following reasons, we agree with the State and conclude that the supervision order is interlocutory and that we lack jurisdiction to review it.

¶ 5                                          BACKGROUND

¶ 6    The facts of the underlying offense do not affect the resolution of the jurisdictional issue. Thus, we recite here only the procedural history of the case.

¶ 7    On October 30, 2013, the State filed a petition for adjudication of wardship which alleged that Michael D., who was then 16 years old, committed two counts of theft. Count I alleged that on or about September 27, 2013, defendant knowingly obtained control over stolen property, namely an "I-phone," under such circumstances as would have reasonably induced him to believe that the property was stolen, and with the intent to deprive the owner permanently of its use and benefit.

¶ 8    Count II alleged that defendant obtained, by deception, control over the property of another, namely, $160 in cash, with the intent to deprive that person permanently of his money.

¶ 9    After a bench trial, on April 21, 2014, the court stated "[t]here will be a finding of guilty" and then entered a written "Trial Order," which was a preprinted form. The order, as completed by the court, stated: "The court having heard the evidence and arguments at trial enters a finding of: Guilty of count(s) 1 + 2 of the petition."

¶ 10   On July 14, 2014, defendant filed a motion to reconsider. On August 11, 2014, after hearing argument from both sides, the trial court stated: "On your motion to reconsider I have found him not guilty on Count 1. Your motion to reconsider is denied on Count 2." The trial

---

[1]One exception to this general rule is a restitution order, which has been held to be immediately appealable when also part of a supervision order. *E.g.*, *In re Shatavia S.*, 403 Ill. App. 3d 414, 417 (2010) (recognized "the authority to review restitution orders as a part of the conditions of a minor's supervision"). However, defendant does not contest his order of restitution so this exception is not at issue.

court then entered a written "Continuance Order," which stated "Motion to Reconsider Granted for Ct #1, denied for Ct #2" and which continued the case for sentencing.

¶ 11 In the presentence report, dated October 20, 2014, the probation officer recommended that "the minor be placed on 1 year Supervision" with certain conditions, such as community service.

¶ 12 At the sentencing hearing on October 20, 2014, the State asked for "one year probation," and defense counsel responded: "Supervision is definitely something that we would argue for as [a] means of disposition in this case." The only condition of supervision to which defense counsel objected was a referral to "Treatment Alternatives for Safe Communities, Inc." (TASC), for a drug evaluation. The trial court held: "I am going to follow the recommendation of the probation officer, and place the minor on one year supervision with the probation officer." The court also ordered the conditions recommended by the presentence report, including the TASC referral, and advised defendant of his appeal rights. A six-month progress report was set for April 20, 2015, and the trial court appointed the State Appellate Defender to represent defendant on appeal.

¶ 13 In a written order entitled "Probation (Supervision) Order" order, dated October 20, 2014, the trial court adopted the probation officer's recommendation and placed defendant on "supervision" for one year with certain conditions, such as community service. The order, which is a preprinted form, provided the court with the option of circling either "Probation" or "Supervision," and the court circled "Supervision," so the order states: "you have been placed on Supervision." The order informed defendant that, if he violated the terms of his supervision, the court could revoke it and "sentence you on the original offense." A "Progress Report/Termination Hearing" was set for "4-20-14," which contained a transcription error with respect to the year.

¶ 14 On October 20, 2014, the trial court also entered a "Sentencing Order," which was another preprinted form and which stated: "No finding or judgment of guilty entered. The minor is placed on supervision for a period of 1 year." The sentencing order reiterated the conditions stated in the supervision order and stated that the "case is continued."

¶ 15 On October 20, 2014, the trial court also entered a written order appointing the State Appellate Defender "for purposes of an appeal in this matter," and on October 23, 2014, the State Appellate Defender filed a notice of appeal. This appeal followed.

¶ 16 ANALYSIS

¶ 17 The threshold question is whether we have jurisdiction to consider a juvenile supervision order entered after a finding of guilt. The State argues that we lack jurisdiction, and defendant argues that we have jurisdiction and should proceed to consider his substantive claims challenging the trial court's finding of guilt.

¶ 18 Defendant's postdelinquency supervision is permitted by a new provision of the Act (Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(1) (West 2012))). Neither party cited a case discussing the 2014 amendment. Only one reviewing court has cited the 2014 amendment and that case concerned an unrelated issue. *In re Derrico G.*, 2014 IL 114463, ¶¶ 4, 52 (the 2014 amendment, which allowed a trial court to order postguilt supervision even over the State's objection, did not render moot the State's appeal from the circuit court's order

declaring unconstitutional the Act's prohibition of preguilt supervision without the State's approval).

¶ 19    For the following reasons, we conclude that the order appealed from is an interlocutory order and that we lack jurisdiction to review it. *In re Lance H.*, 2014 IL 114899, ¶ 12 (we must always consider our own jurisdiction "[a]s a threshold inquiry").

¶ 20                                    I. Standard of Review

¶ 21    The issue of whether the Act and the applicable supreme court rules authorize appellate jurisdiction in this case is a question of statutory interpretation, which we review *de novo*. *People v. Almond*, 2015 IL 113817, ¶ 34 (citing *People v. Elliott*, 2014 IL 115308, ¶ 11). The primary objective of statutory interpretation is to give effect to the legislature's intent, which is best indicated by the plain language of the statute itself. *State ex rel. Pusateri v. Peoples Gas Light & Coke Co.*, 2014 IL 116844, ¶ 8 (citing *Citizens Opposing Pollution v. ExxonMobil Coal U.S.A.*, 2012 IL 111286, ¶ 23). Where the language is plain and unambiguous, we apply the statute without resort to further aids of statutory interpretation. *In re Lance H.*, 2014 IL 114899, ¶ 11. However, if a criminal statute is ambiguous, we will interpret the statute in the way most favorable to the defendant. *Almond*, 2015 IL 113817, ¶ 31 (citing *People v. Carter*, 213 Ill. 2d 295, 302-04 (2004)). We also consider the statute in its entirety, the reason for the law, the problems that the legislature intended to remedy with this law, and the consequences of construing it one way or the other. *Almond*, 2015 IL 113817, ¶ 34 (we "also consider the reason for the law and the problems intended to be remedied"); *People v. Eppinger*, 2013 IL 114121, ¶ 21 (we consider "the statute in its entirety, its nature and object, and the consequences of construing it one way or the other").

¶ 22                              II. Stages of a Juvenile Proceeding

¶ 23    Since we must consider the Act in its entirety, we briefly describe here the overall scheme of the Act.

¶ 24    The Act provides for three distinct stages of a juvenile delinquency proceeding: "[(1)] the findings phase, [(2)] the adjudicatory phase, and [(3)] the dispositional phase." *In re Veronica C.*, 239 Ill. 2d 134, 144 (2010); *In re Samantha V.*, 234 Ill. 2d 359, 365 (2009); *People ex rel. Devine v. Stralka*, 226 Ill. 2d 445, 451 (2007).

¶ 25    The first or "findings" stage consists of a trial, which was previously called an " 'adjudicatory hearing.' " *Veronica C.*, 239 Ill. 2d at 144. Our supreme court no longer uses the term "adjudication" to refer to the finding of guilt or delinquency, which concludes the first stage, apparently because it was too easily confused with the adjudication of wardship, which concludes the second stage. *Veronica C.*, 239 Ill. 2d at 144; *Samantha V.*, 234 Ill. 2d at 365 ("the adjudication phase" is "where the court determines whether *** to make the minor a ward of the court").

¶ 26    During the first or "findings" stage, "the trial court applies the reasonable doubt standard of proof and the rules of evidence that would be followed in a criminal case, to determine whether the minor is guilty as charged and should thus be adjudged delinquent." *Veronica C.*, 239 Ill. 2d at 144-45; *Samantha V.*, 234 Ill. 2d at 365; *Stralka*, 226 Ill. 2d at 452. "In a juvenile delinquency case, a finding of guilt and a finding of delinquency are one and the same." *Veronica C.*, 239 Ill. 2d at 145. In the case at bar, the trial court stated in open court and in its

"Trial Order" and "Continuance Order" that it found defendant guilty of one count of the wardship petition. Thus the first or "findings" phase was complete, concluding with the trial court's reconsidered finding of guilt or delinquency on August 11, 2014.

¶ 27 If a trial court decides to order supervision, it may do so either before or after a finding of guilt. Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(1) (West 2012)).

¶ 28 The second stage is "the adjudication phase, where the court determines whether it is in the best interests of the minor and the public to make the minor a ward of the court." *Veronica C.*, 239 Ill. 2d at 145; *Samantha V.*, 234 Ill. 2d at 365; *Stralka*, 226 Ill. 2d at 453. "Under the Juvenile Court Act, a dispositional order is not to be entered until after the court has adjudged the minor a ward of the court." *In re M.W.W.*, 125 Ill. App. 3d 833, 836 (1984). "It has been held that a minor need not be *explicitly* adjudged to be a ward of the court in order to give the court jurisdiction to enter a dispositional order. [Citation.] An adjudication of wardship may be implied from the circumstances of the case." (Emphasis in original.) *In re M.W.W.*, 125 Ill. App. 3d at 836 (citing *In re J.N.*, 91 Ill. 2d 122, 129 (1982)).

¶ 29 If the minor is made a ward of the court, the matter proceeds to the third or "dispositional phase, where the court fashions an appropriate sentence that will best serve the minor and the public." *Veronica C.*, 239 Ill. 2d at 145; *Samantha V.*, 234 Ill. 2d at 365; *Stralka*, 226 Ill. 2d at 453. Section 5-710 of the Act is entitled "Kinds of sentencing orders," and it lists the kinds of sentencing orders which a trial court may enter during this third or dispositional stage. 705 ILCS 405/5-710 (West 2012). This section provides for probation, conditional discharge, detention and other options, but it does not list supervision as an option at this point. 705 ILCS 405/5-710 (West 2012); *Veronica C.*, 239 Ill. 2d at 146 (section 5-710 of the Act lists "the only dispositional alternatives remaining" after a finding of guilty and " 'continuance under supervision' is not listed among them").

¶ 30 Supervision is different from the options listed in section 5-710 of the Act, in that it is "the most lenient" outcome possible for delinquency petitions, "except for dismissal of the petition." *In re T.W.*, 101 Ill. 2d 438, 440 (1984). With supervision, the trial court may terminate the supervision "at any time if warranted by the conduct of the minor" or "vacate the finding of delinquency or both." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(1) (West 2012)).

¶ 31 Both the second and third stages of a juvenile proceeding occur at "sentencing," which is then a bifurcated proceeding encompassing both stages. *Veronica C.*, 239 Ill. 2d at 145. In the case at bar, the parties and the court referred to the proceeding on October 20, 2014, as a sentencing proceeding, and the trial court entered a "Sentencing Order" after its conclusion. However, the trial court never expressly stated that it had made the minor a ward of the court, and the "Sentencing Order" stated: "No finding or judgment of guilty entered. The minor is placed on supervision for a period of 1 year."

¶ 32 Thus, the parties do not agree whether the second and third stages were completed or whether defendant's supervision constitutes a final disposition or sentence from which he may appeal.

¶ 33 III. The New and Old Provisions

¶ 34 We now set forth the 2014 amendment and the prior 2012 law to ascertain the differences between them and hence the purpose of the amendment.

¶ 35    The key difference is that the new law allows a trial court to "enter an order of continuance under supervision" even after "a finding of delinquency" (Pub. Act 98-62 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(1) (West 2012))), while the 2012 law permitted a trial court to enter such an order only before a finding of delinquency (705 ILCS 405/5-615(1) (West 2012) (the order could be entered either "before proceeding to adjudication, or after hearing the evidence at trial"); *In re Danielle J.*, 2013 IL 110810, ¶ 35 (under the old statute, "a continuance under supervision was *statutorily precluded* once a finding of guilt was entered" (emphasis in original)); *Veronica C.*, 239 Ill. 2d at 146 (once the trial "court had already found respondent guilty," supervision was "no longer" an option under the old statute)).

¶ 36                          A. The New Provisions

¶ 37    Effective January 1, 2014, section 5-615(1) of the Act was amended so that it now reads:

"(1) The court may enter an order of continuance under supervision for an offense other than first degree murder, a Class X felony or a forcible felony:

(a) upon an admission or stipulation by the appropriate respondent or minor respondent of the facts supporting the petition and before the court makes a finding of delinquency, and in the absence of objection made in open court by the minor, his or her parent, guardian, or legal custodian, the minor's attorney or the State's Attorney; or

(b) upon a finding of delinquency and after considering the circumstances of the offense and the history, character, and condition of the minor, if the court is of the opinion that:

(i) the minor is not likely to commit further crimes;

(ii) the minor and the public would be best served if the minor were not to receive a criminal record; and

(iii) in the best interests of justice an order of continuance under supervision is more appropriate than a sentence otherwise permitted under this Act." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(1) (West 2012)).

¶ 38    Since the trial court made "a finding of delinquency" in the case at bar, subsection (b) applies, not subsection (a). Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(1) (West 2012)). As we previously observed, "[i]n a juvenile delinquency case, a finding of guilt and a finding of delinquency are one and the same." *Veronica C.*, 239 Ill. 2d at 145. The trial court expressly stated in open court that it found defendant guilty of one count of the wardship petition. "When the oral pronouncement of the court and the written order are in conflict, the oral pronouncement controls." *People v. Jones*, 376 Ill. App. 3d 372, 395 (2007) (citing *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993)). See also *People v. Lewis*, 379 Ill. App. 3d 829, 837 (2008) ("When a trial court's oral pronouncement conflicts with its written judgment, the oral pronouncement controls." (citing *People v. Savage*, 361 Ill. App. 3d 750, 762 (2005), and *People v. Smith*, 242 Ill. App. 3d 399, 402 (1993))). Thus, the trial court made a "finding of delinquency" as stated in subsection (b), and subsection (b) applies rather than subsection (a).

¶ 39    In addition to amending subsection (1) to add the option of postguilt supervision, the 2014 law also made changes to subsections (4) and (7) of section 5-615. Subsection (4) was

amended to add the words: "or vacate the finding of delinquency or both." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(4) (West 2012)). Thus, subsection (4) now reads: "The court may terminate a continuance under supervision at any time if warranted by the conduct of the minor and the ends of justice or vacate the finding of delinquency or both." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(4) (West 2012)). Since the 2014 amendment added, with the same stroke of the pen, both the option of postguilt supervision and the authority to vacate the finding of guilt, there is no doubt that the trial court's authority to vacate applies to postguilt supervision. The 2014 amendment does not place *any* limits on the trial court's discretion to vacate its prior findings of guilt, except that the trial court's termination of supervision must be "warranted by the conduct of the minor and the ends of justice." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(4) (West 2012)).

¶ 40    In addition to adding the option of postguilt supervision and the authority to vacate the guilty finding upon which that supervision was based, the 2014 law also added that, if defendant violates the terms of his supervision, the court may then proceed to "adjudication and disposition." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(7) (West 2012)). This change indicates that postguilt supervision occurs prior to "adjudication" of wardship. Previously the Act stated that, after a violation, "the court may proceed to [(1)] findings and [(2)] adjudication and [(3)] disposition" (705 ILCS 405/5-615(7) (West 2012)), which are the three stages of a juvenile proceeding. *E.g.*, *Veronica C.*, 239 Ill. 2d at 144. After the 2014 amendment, the Act stated that "the court may proceed to [(A)] findings, adjudication, and disposition or [(B)] adjudication and disposition." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(7) (West 2012)). The first clause, which existed prior to the 2014 amendment, covers cases prior to "findings" of guilt, while the second clause, which was added in 2014, covers the newly enacted postguilt supervision. This change indicates that postguilt supervision occurs prior to completion of the second stage, which is adjudication of wardship. *Veronica C.*, 239 Ill. 2d at 145; *Samantha V.*, 234 Ill. 2d at 365; *Stralka*, 226 Ill. 2d at 453.

¶ 41                                    B. The Old Statute

¶ 42    Prior to the 2014 amendment, section 5-615(1) of the Act stated:

"(1) The court may enter an order of continuance under supervision for an offense other than first degree murder, a Class X felony or a forcible felony (a) upon an admission or stipulation by the appropriate respondent or minor respondent of the facts supporting the petition and before proceeding to adjudication, or after hearing the evidence at the trial, and (b) in the absence of objection made in open court by the minor, his or her parent, guardian, or legal custodian, the minor's attorney or the State's Attorney." 705 ILCS 405/5-615(1) (West 2012).

¶ 43    Thus, the old statute permitted the trial court to order "supervision" only prior to the trial court's finding of guilt. 705 ILCS 405/5-615(1) (West 2012); *Danielle J.*, 2013 IL 110810, ¶ 35 (under the old statute, "a continuance under supervision was *statutorily precluded* once a finding of guilt was entered" (emphasis in original)); *Veronica C.*, 239 Ill. 2d at 146 (once the trial "court had already found respondent guilty," supervision was "no longer" an option under the old statute).

¶ 44                                    IV. Jurisdiction Issue

¶ 45        Defendant argues that we have jurisdiction over this appeal because the order imposing supervision was a final judgment, and we have jurisdiction to hear appeals from "final judgments." *In re J.N.*, 91 Ill. 2d 122, 126 (1982) ("Except where a rule of this court provides for an interlocutory appeal, the appellate court has jurisdiction to review only final judgments." (citing Ill. Const. 1970, art. VI, § 6)); Ill. S. Ct. R. 660(a) (eff. Oct. 1, 2001) (permitting "[a]ppeals from final judgments in delinquent minor proceedings" pursuant to "the rules applicable to criminal cases"); *In re B.C.P.*, 2013 IL 113908, ¶ 5 (Rule 660(a) "covers appeals in delinquent minor cases, but it expressly incorporates the criminal appeals rules only as to final judgments").

¶ 46        "A judgment is final if it decides the controversy between the parties on the merits and fixes their rights, so that, if the judgment is affirmed, nothing remains for the trial court to do but to proceed with its execution." *In re J.N.*, 91 Ill. 2d at 127. "In criminal cases, there is no final judgment without a sentence." *In re J.N.*, 91 Ill. 2d at 127. "Similarly, in proceedings under the Juvenile Court Act, the dispositional order results in the final judgment." *In re J.N.*, 91 Ill. 2d at 127; *In re Justin L.V.*, 377 Ill. App. 3d 1073, 1079 (2007) ("the dispositional order in a juvenile delinquency proceeding will be considered a final order"). "In determining whether a judgment is final, one should look to its substance rather than to form." *In re J.N.*, 91 Ill. 2d at 128.

¶ 47        The parties are in agreement that a minor can generally not appeal an order of supervision entered pursuant to the old statute, and case law supports this point. *In re A.M.*, 94 Ill. App. 3d 86, 90 (1981). See also *In re M.W.W.*, 125 Ill. App. 3d 833, 835 (1984) ("if in fact the order here is an order for continuance under supervision *** as it so states on its face, then the State's assertion of unappealability is correct"). *Cf. Kirwan v. Welch*, 133 Ill. 2d 163, 167 (1989) (an adult order of "supervision is not a final judgment," because it "merely defers the proceedings until the conclusion of the period of supervision" and it "does not terminate the litigation" or "settle the rights of the parties").

¶ 48        One exception to this general rule is a restitution order, which has been held to be immediately appealable when part of a supervision order. For example, in *Shatavia S.*, 403 Ill. App. 3d at 417, cited by both parties, the appellate court held that a minor could appeal a restitution order which was a condition of his preguilt supervision under the old statute. *Shatavia S.*, 403 Ill. App. 3d at 417. See also *In re T.W.*, 268 Ill. App. 3d 744, 745 (1994) (rejected the State's argument about lack of jurisdiction and heard the minor's "appeal from a restitution order entered as conditions of a minor's supervision"); *In re D.R.*, 219 Ill. App. 3d 13, 15 (1991) (heard an appeal from a restitution order entered as a condition of a minor's supervision, where the State did not object to jurisdiction).

¶ 49        Both parties argue that the *Shatavia S.* case is not controlling here, and we agree. In *Shatavia S.*, the appellate court emphasized that the minor was appealing his restitution and not a finding of guilt. *Shatavia S.*, 403 Ill. App. 3d at 417. By contrast, in the case at bar, defendant's counsel specifically asked the trial court to consider supervision, and the only condition to which he objected was the TASC referral. On appeal, defendant does not challenge any of the conditions of his supervision or the court's decision to impose supervision as opposed to another option. He appeals only the underlying finding of guilt. Thus, the parties are correct that *Shatavia S.* is not controlling here.

¶ 50    Defendant argues that postguilt supervision is "akin" to a sentence of supervision in adult court (730 ILCS 5/5-6-3.1(h) (West 2012)), which is a judgment from which an adult defendant may appeal. Section 5-6-3.1 of the Unified Code of Corrections governs supervision in adult cases, and it specifically provides: "A disposition of supervision is a final order for the purposes of appeal." 730 ILCS 5/5-6-3.1(h) (West 2012). See also Ill. S. Ct. R. 604(b) (eff. Dec. 11, 2014) (a defendant who has been placed under supervision pursuant to section 5-6-3.1 may appeal).

¶ 51    Similar to juvenile supervision, adult supervision may end with the dismissal of charges, but there are significant differences. With juvenile supervision, "[t]he court may terminate a continuance under supervision at any time if warranted by the conduct of the minor and the ends of justice or vacate the finding of delinquency or both." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(4) (West 2012)). With adult supervision, the court must wait to "the conclusion of the period of supervision," and then, "if the court determines that the defendant has successfully complied with all of the conditions of supervision," the court must dismiss the charges. 730 ILCS 5/5-6-3.1(e) (West 2012).

¶ 52    The differences are that, with adult supervision, (1) the court must wait for the conclusion of the supervisory period; and (2) the court may dismiss the charges only if the defendant successfully complied with all the conditions imposed with the supervision. 730 ILCS 5/5-6-3.1(e) (West 2012). By contrast, with juvenile supervision, (1) the court may vacate the finding of guilt at any time; and (2) the court may do so, without first finding that the minor complied with all his or her supervisory conditions, so long as this action is "warranted by the conduct of the minor and the ends of justice." Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(4) (West 2012)).

¶ 53    Even if we were persuaded that a juvenile supervision order was similar to an adult one, we still would not have the power to review it. First, although both section 5-6-3.1 of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5-6-3.1(h) (West 2012)) and Illinois Supreme Court Rule 604(b) (eff. Dec. 11, 2014) indicate that appellate courts have jurisdiction to review adult supervision orders, those provisions apply only to adult supervision orders. The text of Rule 604(b) contains the cites of the sections to which it applies. While it includes a cite to section 5-6-3.1 of the Corrections Code which governs adult supervision orders, Rule 604(b) does not include a cite to any portion of the juvenile Act. Ill. S. Ct. R. 604(b) (eff. Dec. 11, 2014). As for section 5-6-3.1, it is part of chapter V of the Corrections Code, which provides the sentencing options for adult offenders and those juveniles subject to adult sentences. 705 ILCS 405/5-810(4)(ii) (West 2012) (chapter V of the Corrections Code provides "adult criminal sentence[s]" as well as sentences for juveniles subject to adult sentences); *In re M.I.*, 2013 IL 113776, ¶ 42. Since defendant is neither an adult nor a juvenile subject to an adult sentence, Section 5-6-3.1 does not affect our jurisdiction to hear defendant's appeal.

¶ 54    Second, only two supreme court rules provide appellate courts with jurisdiction to review juvenile orders, and neither rule provides jurisdiction here. Ill. S. Ct. R. 660 (eff. Oct. 1, 2001); R. 662 (eff. Oct. 1, 1975). Rule 660 provides jurisdiction to review only "final" judgments in juvenile cases (Ill. S. Ct. R. 660(a) (eff. Oct. 1, 2001)), and the 2014 amendment augmented the interlocutory nature of the juvenile supervision order, by providing the trial court with the power to vacate it at anytime (Pub. Act 98-62, § 5 (eff. Jan. 1, 2014) (amending 705 ILCS 405/5-615(4) (West 2012))). This case is set for a progress report on April 20, 2015, and the

trial court may vacate at that time the very conclusion which the juvenile is now asking us to review.

¶ 55 The second rule, Rule 662, provides jurisdiction to review interlocutory juvenile orders in very limited cases, such as when the trial court fails to enter a disposition order within 90 days of the adjudication of wardship or when the trial court enters an order revoking probation or conditional discharge. Ill. S. Ct. R. 662(a), (b) (eff. Oct. 1, 1975). The parties do not argue that either one of these limited circumstances applies to this case.

¶ 56 The supreme court rules do not authorize our review, and, wisely so, because review at this point in the case would not be efficient, where the trial court could still vacate its prior conclusion. However, even if we were persuaded that the rules should be modified to allow review now, we are the wrong court to consider this issue. While the Illinois Supreme Court has the constitutional power to modify the rules as it sees fit, the appellate court is "bound to follow the rules as written." *In re B.C.P.*, 2013 IL 113908, ¶ 8. Defendant does not argue that Rule 604(b) as currently written permits his appeal, but only that his situation is "akin" to the situation allowed by Rule 604(b) and thus it should be applied by analogy. That is an argument that must be made to a different court. *B.C.P.*, 2013 IL 113908, ¶ 7.

¶ 57                                                     CONCLUSION
¶ 58 For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.

¶ 59 Appeal dismissed.