ALFRED HUBER, Plaintiff-Appellee, v. JOHN MAGGIO, d/b/a FIX-IT SAFE & LOCK, INC., Defendant-Appellant.—SHERRY WOLVERTON, Plaintiff-Appellee, v. JOHN MAGGIO, d/b/a FIX-IT SAFE & LOCK, INC., Defendant-Appellant.

(No. 74-157; ▮▮▮▮▮▮▮▮▮▮▮)

Third District—August 28, 1975.

Califf, Harper, Benson, Fox & Dailey, of Moline (Robert Mensing, of counsel), for appellant.

Robert H. Lawson, of Rock Island, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Alfred Huber (Circuit Court no. 73-SC-2412) and Sherry Wolverton (Circuit Court no. 73-SC-2411), as drivers of different automobiles, brought separate actions, based on negligence and arising out of a common nucleus of operative facts, for property damage to their respective motor vehicles against John Maggio, d/b/a Fix-It Safe and Lock, Inc. In a consolidated trial without a jury, the court entered judgments in favor of Huber and Wolverton for the amounts of the respective property damage claimed. In this consolidated appeal the defendant seeks reversal of those judgments.

Huber and Wolverton proceeded against the defendant Maggio on a theory that he negligently allowed a concealed concrete island to remain in his parking lot. The plaintiffs, as business invitees, suffered property damage to their automobiles by running upon the concrete island and iron posts installed as protective devices by the defendant at both ends of the island. The plaintiffs obtained judgments despite the defendant's allegations that each plaintiff had admittedly known of the concrete island although moments later forgot about it, and was therefore guilty of con-

tributory negligence. Because of the view we take of these cases, we find that we have no jurisdiction to consider the merits of this appeal.

Following the trial the cases were taken under advisement; the trial judge entered judgments on October 25, 1973. All parties admit that defendant's notice of appeal, filed on December 21, 1973, was well after the statutory 30-day time limit. (Ill. Rev. Stat., ch. 110A, § 303(a).) The trial court, in an order dated January 7, 1974, which overruled the plaintiffs' objections to defendant's notice of appeal, held that the notice was valid because neither the defendant nor his counsel had been notified of the judgments entered on October 25, 1973. The trial judge concluded that it would be inequitable and work a hardship on the defendant to rule that his notice was not timely when the delay in giving notice of the judgments was caused by an oversight.

The defendant-appellant filed his notice of appeal on the 57th day after judgment had been entered. The trial judge's order of January 7, 1974, specifically finds that he did enter the judgments on or at least prior to November 5, 1973, which places defendant's December 21, 1973, notice of appeal well after the 30 days prescribed by statute. While we are inclined to agree with the trial judge's observations, the appropriate remedy was for the defendant to petition the appellate court for leave to file a late notice of appeal pursuant to Supreme Court Rule 303(e) (Ill. Rev. Stat., ch. 110, § 303(e)). On January 7, 1974, the trial court had lost jurisdiction of the case so that the order of that court extending the time for appeal is without efficacy. Defendant having failed to apply here for leave to file late notice of appeal we lack the requisite jurisdiction to decide the cases on the merits. *Belinski v. City National Bank*, 133 Ill. App.2d 800, 270 N.E.2d 527 (1971); *In re Estate of Schwarz*, 63 Ill.App. 2d 456, 212 N.E.2d 329 (1965).

The consolidated appeal from the Circuit Court of Rock Island County, nos. 73-SC-2411 and 73-SC-2412, is therefore dismissed.

Appeal dismissed.

STOUDER and ALLOY, JJ., concur.