*In re* VERONICA LEE *et al.*, Minors.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MAE LIZA LEE, Respondent-Appellant.)

First District (2nd Division) No. 78-1067

Opinion filed June 26, 1979.

James J. Doherty, Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela Louise Gray, and Diane Michel Powell, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Following a hearing in the circuit court of Cook County, the four minor children of respondent, Mae Liza Lee, were declared to be neglected. (Ill. Rev. Stat. 1977, ch. 37, par. 702—4(1)(a).) Respondent contends that the trial court's conclusion was contrary to the manifest weight of the evidence. However, since we have determined that this court has no jurisdiction in the matter, the merits of respondent's contention need not be reached.

On March 16, 1978, an adjudicatory hearing was conducted at which the State presented evidence regarding the decrepit and unsanitary conditions of respondent's apartment on the occasion of a juvenile officer's visit six months before. There was also testimony that respondent had told her 11-year-old daughter to absent herself from school, although precise details were not provided by this child. At the close of the evidence the trial court found the minors to be neglected and found that the minors' best interests required that they be adjudged wards of the court. The matter was continued to April 28, 1978, to have a clinical service evaluation report prepared. However, on March 28, 1978, prior to any dispositional order being entered, respondent filed a notice of appeal.

Supreme Court Rule 660(b) provides that appeals from

determinations under the Juvenile Court Act, including a finding of neglect, are governed by the rules applicable to civil cases. (Ill. Rev. Stat. 1977, ch. 110A, par. 660(b).) Civil rules normally require that appeals from the circuit court be from final judgments. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a).) Prior to the adoption of Supreme Court Rule 660, an adjudication of wardship was statutorily considered a final judgment for purposes of appeal. (Ill. Rev. Stat. 1975, ch. 37, par. 704—8(3).) However, that statute was subsequently repealed after adoption of Supreme Court Rule 660.

In the case of *In re Wheat* (1979), 68 Ill. App. 3d 471, 386 N.E.2d 278, *the appellate court found that a notice of appeal was not filed until several months after the dispositional order entered in a neglect proceeding and was therefore not timely under civil appellate procedures.* In so holding the court construed the dispositional order which awarded child custody to a state agency, and which was entered one month after the adjudicatory hearing, as the final appealable order allowing the filing of a notice of appeal.

We conclude that a mere adjudication of wardship, as here, is not a final appealable order. Our determination is further supported by Supreme Court Rule 662(a) which generally states that an appeal may be taken after 90 days from an adjudication of wardship if no dispositional order is entered. (Ill. Rev. Stat. 1977, ch. 110A, par. 662(a).) The language of this rule does not exclude neglect proceedings from its purview, and the rule is designed to allow an appeal if there is a long delay in disposing of the case. See Ill. Ann. Stat., ch. 110A, par. 662, Committee Comments, at 439 (Smith-Hurd 1976).

In the present case respondent filed a notice of appeal 12 days after the finding of neglect and adjudication of wardship but substantially before the trial court was to consider a dispositional order. Respondent's filing of a notice of appeal was therefore premature, and this court has no jurisdiction to consider the matter. *Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029, 1031, 368 N.E.2d 458.

Accordingly, we dismiss the appeal.

Appeal dismissed.

STAMOS, P. J., and DOWNING, J., concur.