*In re* ANDREA SMITH, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MARTIN SMITH *et al.*, Respondents-Appellants.)

Fourth District   No. 15581

Opinion filed January 16, 1980.

CRAVEN, J., dissenting.

Paul R. Cole, of Champaign (Dodd, Stout & Cole, of counsel), for appellants.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

A question of appealability.

We must dismiss.

This appeal is from an *adjudication of wardship* after a finding of neglect. The parents contend that the evidence presented at the adjudicatory hearing was insufficient to support the finding of neglect.

■■ We cannot address that issue, however, because notice of appeal was not timely filed. Without such notice, we are without jurisdiction to entertain the appeal.

Here's what the record reveals:

Adjudicatory order—August 2, 1978
Dispositional order—November 15, 1978
Notice of appeal—February 28, 1979
Motion to file late notice of appeal—April 2, 1979

The State has objected to the motion to file a late notice of appeal on the basis that it was not timely filed and moved to dismiss the appeal. We conclude that the State's motion is absolutely correct and should be granted.

Supreme Court Rule 660(b) provides that, unless otherwise specifically provided, proceedings under the Juvenile Court Act concerning neglected minors are to be governed by the rules applicable to civil cases. (Ill. Rev. Stat. 1977, ch. 110A, par. 660(b).) The rules applicable to civil cases normally require appeals to be from final judgment. Ill. Rev. Stat. 1977, ch. 110A, par. 303.

⊚ 2 In juvenile cases, an adjudication of wardship is generally not a final appealable order. It is the *dispositional order* from which an appeal lies. (*In re Lee* (1979), 73 Ill. App. 3d 449, 392 N.E.2d 304.) However, where the dispositional order has not been entered within 90 days of the adjudication of wardship, an appeal may be taken from the adjudicatory order. (Ill. Rev. Stat. 1977, ch. 110A, par. 662(a).) In such a case, the notice of appeal "shall be filed within 30 days after the expiration of the 90 days specified in this rule and not thereafter." Ill. Rev. Stat. 1977, ch. 110A, par. 662(c).

■ In the case before us, more than 90 days had passed between the *adjudication* of wardship (August 2, 1978) and the entry of a *dispositional order* (November 15, 1978). That being so, Supreme Court Rule 662 was then triggered and the notice of appeal from the adjudicatory order had to have been filed within 30 days of the expiration of the 90-day period—*i.e.*, within 30 days of October 31, 1978. It was not.

Supreme Court Rule 303(e) allows motions for leave to file a late notice of appeal to be filed with the reviewing court within 30 days of the expiration of time for filing notice of appeal. (Ill. Rev. Stat. 1977, ch.

110A, par. 303(e).) Notice of appeal in the present case should have been filed by November 30, 1978. But even if Rule 303(e) were available to respondents in this case—a question we do not decide because of the "not thereafter" language of Rule 662—a motion for leave to file late notice of appeal with this court had to have been filed by December 30, 1978. The motion was not filed until April 2, 1979. Therefore, untimely.

The State further contends that the respondents failed to show reasonable excuse for failing to timely file notice of appeal. We agree.

In answer to the State's motion to dismiss the appeal, counsel for respondents stated that Judge Steigmann had, on several occasions, told him not to worry about filing a notice of appeal because other counsel would be appointed for that purpose. Judge Steigmann further stated that he would have no objection to a notice being filed notwithstanding the expiration of the statutory time limit. Attached to respondents' answer was the affidavit of Judge Steigmann confirming the allegations made by respondents' counsel.

The statements of the trial judge may have been misleading to counsel. But there should be little doubt—if, indeed, any—that a trial judge does not have the authority to excuse compliance with the filing requirements of the supreme court rules governing appeals. *Huber v. Maggio* (1975), 31 Ill. App. 3d 624, 333 N.E.2d 270.

Even if this court were to decide that the appeal is from the *dispositional* order (filed November 15, 1978), and it was true that counsel did not receive the order until December 15, 1978 (as he alleged in his motion), he still waited more than 60 days to file a notice of appeal. It was therefore untimely even under appellate civil procedures. *In re Wheat* (1979), 68 Ill. App. 3d 471, 386 N.E.2d 278.

*Ergo*, by any yardstick, the notice of appeal here was too late. Accordingly, we dismiss the appeal.

Dismissed.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

In this case the rights of parents to the custody and control of their children are involved. This is the type of case wherein the litigants are constitutionally entitled to access to the courts. (See *Boddie v. Connecticut* (1971), 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780.) An appeal in this, a civil case, is but a continuation of the trial court proceeding and every final judgment in a civil case is appealable as a right. (Supreme Court Rule 303, 73 Ill. 2d R. 303.) Thus, if the parents are constitutionally entitled to have access to the trial court, they are

constitutionally entitled to appeal. They did not file a timely notice of appeal, but such was not done because of a misapprehension that originated with the trial judge. This record clearly establishes by the affidavit of the trial court judge, which, with commendable candor, recites that he had advised counsel not to worry about filing a notice of appeal because other counsel would be appointed for that purpose. It is clear from this record that the timely notice of appeal was not filed because of an error or misunderstanding of the trial court and not because of the litigants. It is simply contrary to my notion of fundamental fairness that this appeal be dismissed under such circumstances. We have authority under such circumstances to allow a late notice of appeal and should do so. See *People v. Keeney* (1970), 45 Ill. 2d 280, 259 N.E.2d 56; *People v. Brown* (1968), 39 Ill. 2d 307, 235 N.E.2d 562.