*In re* J. M., a Minor, Respondent-Appellant.
Second District    No. 2—86—0596

Opinion filed February 3, 1987.

William J. McCarron, of Lisle, for appellant, *pro se.*

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:
Respondent, the minor's father, appeals from the trial court's order adjudicating J.M. a minor requiring authoritative intervention. (Ill. Rev. Stat. 1985, ch. 37, par. 702—3). The State filed a motion to dismiss the appeal which we ordered taken with the case. On review, we conclude that the appeal should be dismissed because it is not an appeal from a final judgment or a proper interlocutory appeal.

The State filed a petition alleging that J.M. was a minor who was absent from the home without the consent of her parents and beyond their control in circumstances which constituted a substantial or immediate danger to the minor's physical safety. J.M. was placed in the temporary custody of an appointed guardian.

An adjudicatory hearing was held, at which time J.M. was found to be a minor requiring authoritative intervention. The question of wardship was reserved for the dispositional hearing which was scheduled to be held later. The dispositional hearing never took place because the respondent filed a *pro se* notice of appeal pursuant to Supreme Court Rule 303 (103 Ill. 2d R. 303), which governs the appeal of final judgments. Respondent amended the notice of appeal so that it would be considered an interlocutory appeal under

Supreme Court Rule 307 (87 Ill. 2d R. 307).

We lack jurisdiction to entertain respondent's appeal because he did not appeal from a final judgment. In proceedings under the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 701.1 *et seq.*), a dispositional order results in a final judgment for appeal purposes. (*In re J.N.* (1982), 91 Ill. 2d 122, 127.) In this case, no dispositional order was filed; rather, only an adjudicatory hearing was held. Adjudicatory orders are generally not appealable because they are not final orders. See, *e.g.*, *In re Johnson* (1981), 102 Ill. App. 3d 1005, 1014; *In re Smith* (1980), 80 Ill. App. 3d 380, 381.

One case has held that an adjudication of wardship is a final judgment for the purposes of an appeal. (*In re Tingle* (1977), 52 Ill. App. 3d 251, 255.) The court in *Tingle* relied on section 4—8(3) of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, par. 704—8(3)) which provided that an adjudication of wardship was final and appealable. In 1978, section 4—8(3) was deleted. Under existing law, therefore, adjudicatory orders by themselves are not appealable.

The appellate court has jurisdiction to review only final judgments, except where a rule of the supreme court provides for an interlocutory appeal. (*In re J.N.* (1982), 91 Ill. 2d 122, 126.) The only such specific provision is Supreme Court Rule 662 (87 Ill. 2d R. 662), which grants a right of appeal from the orders of wardship when an order of disposition is not entered within 90 days thereafter. (*In re Hershberger* (1985), 132 Ill. App. 3d 332, 334.) Respondent failed to comply with Rule 662 since 90 days had not elapsed since the adjudicatory order. In fact, less than 30 days had passed since the date of the adjudicatory order and the date a *pro se* notice of appeal was filed. Moreover, technically, the court reserved the question of wardship until the dispositional hearing.

The reason behind Supreme Court Rule 662 is explained in the committee comments, which provide:

> "In juvenile court proceedings, there is a two-step procedure. First a hearing is held to adjudicate the subject juvenile a ward of the court; then there is a separate hearing resulting in a disposition. If the dispositional hearing and order follow closely the adjudicatory hearing and order, judicial efficiency dictates that an appeal should be taken after disposition. If there is a long delay in disposing of the case, however, Rule 662 provides that an appeal may be taken from the first order. The period set is 90 days to account for normal delay caused by administrative problems. After that period, if the dispositional hearing has not been held, the juvenile

may appeal. In such a case he must file his notice of appeal within 30 days of the expiration of the period, and not after. Thus the 6 months period for application for leave to appeal provided in Rule 605(c) has no application. For similar reasons, the same provisions are applied to appeals from orders revoking probation or conditional discharge in juvenile cases." (87 Ill. 2d R. 662, Committee Comments.)

Rule 662 is properly invoked where parents contest a determination that their son was a minor in need of supervision and the adjudication of wardship when the dispositional order had not been entered within 90 days of adjudication. (*In re Polovchak* (1983), 97 Ill. 2d 212, 222-23, *cert. denied* (1984), 465 U.S. 1065, 79 L. Ed. 2d 740, 104 S. Ct. 1413.) In this case, where no such delay existed, we have no authority to review the case.

Further, although respondent's amended notice of appeal is designated as under Supreme Court Rule 307 (87 Ill. 2d R. 307), the appeal was not properly brought pursuant to the rule. Rule 307(a)(6) provides that an appeal may be taken to an appellate court from an interlocutory order of the court which terminates parental rights or granting, denying, or revoking temporary commitment in adoption cases. The adjudicatory order here did not terminate parental rights. It merely found that the minor was a minor requiring authoritative intervention as described by section 2—3 of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 702—3).

For the foregoing reasons, the appeal is dismissed, and the cause is remanded for the purpose of conducting a dispositional hearing.

Dismissed and remanded.

HOPF and DUNN, JJ., concur.