2023 IL App (2d) 230122-U
No. 2-23-0122
Order filed July 24, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* I.S., a Minor | ) | Appeal from the Circuit Court |
| | ) | of De Kalb County. |
| | ) | |
| | ) | No. 22-JA-25 |
| | ) | |
| (The People of the State of Illinois, Petitioner- | ) | Honorable |
| Appellee, v. Joseph S., Respondent- | ) | Sarah Gallagher Chami, |
| Appellant). | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Appellate counsel's motion to withdraw is granted where appellate jurisdiction is lacking; we therefore dismiss the appeal.

¶ 2    On March 24, 2023, the circuit court of De Kalb County entered a temporary custody order restoring guardianship and custody of I.S. to respondent, Joseph S., and Charlotte S., a/k/a Charlotte P. (mother), along with a supplemental protective order setting forth the obligations of the parents regarding their guardianship and custody of I.S.  On April 12, 2023, respondent filed a notice of appeal purporting to appeal a March 23, 2022, order pursuant to Supreme Court Rule 317 (eff. July 1, 2017) (dealing with appeals as of right from the appellate court to the supreme court). Respondent's appointed counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1968).  See *In re Alexa J.*, 345 Ill. App. 3d 985 (2003) (holding that *Anders* applies in

termination of parental rights cases and outlining the procedure to be followed when appellate counsel seeks to withdraw). Appellate counsel's notice of filing and proof of service indicate that he sent to respondent by email, regular mail, and certified mail a copy of the motion to withdraw. More than 30 days has elapsed and respondent has not filed a response. Appellate counsel contends that the appeal of this case must be dismissed because no appealable order has been entered in the trial court. After reviewing the record and counsel's motion, we grant the motion to withdraw and dismiss this appeal.

¶ 3                          I. BACKGROUND

¶ 4     On March 22, 2022, the State filed a petition for adjudication of neglect for I.S. On March 23, 2022, the trial court entered three orders: (1) an order for the issuance of a juvenile warrant for I.S., (2) an order appointing CASA De Kalb County, Inc. (CASA), as guardian *ad litem* for I.S., and (3) an order appointing counsel for I.S. and for respondent (for shelter care only). On March 28, 2022, the court entered a temporary custody order. On April 22, 2022, respondent filed a notice of appeal challenging the March 28, 2022, order and a March 25, 2022, order.[1] *In re I.S.*, No. 2-22-0134.[2]

¶ 5     On June 17, 2022, the State filed its first amended petition for adjudication of neglect, and, on June 27, 2022, the court timely commenced the adjudicatory hearing and continued the matter

---

[1]There is no March 25, 2022, order appearing in the record. It is possible that this is a scrivener's error mistranscribing the dates of the three March 23, 2022, orders. Copies of the challenged orders were not attached to respondent's notice of appeal, so we cannot definitively determine which orders beyond the March 28, 2022, order respondent intended to appeal.

[2]On July 7, 2022, upon the State's motion, this appeal was dismissed for lack of jurisdiction.

for further proceedings. The matter was continued from time to time, and, on January 13, 2023, respondent and I.S.'s mother both stipulated to a finding that I.S. was a neglected minor. The court continued the matter for a February 10, 2023, dispositional hearing.

¶ 6    On February 10, 2023, the trial court entered an order continuing the dispositional hearing. The order noted that the "parties waive [the] time frame [for holding a dispositional hearing]." On March 14, 2023, the mother filed a motion to vacate the temporary custody order.

¶ 7    On March 24, 2023, the trial court entered a temporary custody order. In this order, the court determined that it was "no longer a matter of urgent and immediate necessity for the protection of [I.S. that she] be placed in a shelter care facility." Instead, "Temporary Guardianship and Custody [was] placed with Parents, subject to Supplemental Protective Orders." The order additionally provided for a May 12, 2023, status hearing. Also on March 24, the court entered a supplemental protective order outlining respondent's and the mother's responsibilities as conditions of their guardianship and custody of I.S. The supplemental protective order specifically provided that this matter was "still pre-disposition, and [was] a 'placement' case, and not an 'intact' case, pending further proceedings."

¶ 8    On April 12, 2023, respondent filed a notice of appeal, purporting to appeal a March 23, 2022, order pursuant to Supreme Court Rule 317, and failing to attach any copies of the order or orders being appealed. On April 13, 2023, counsel was appointed to represent respondent on appeal. Appellate counsel now moves to withdraw, asserting that there is no basis for appellate jurisdiction.

¶ 9                                II. ANALYSIS

¶ 10    Counsel seeks to withdraw, contending that, on this record, there is no basis for this court to exercise appellate jurisdiction. In *Alexa J.*, 345 Ill. App. 3d at 988-89, this court held that counsel must follow the *Anders* procedure and provide a record of the unfitness and best interests

hearing. In addition, counsel must, if possible, identify any potentially meritorious issues and demonstrate why they are not meritorious. *Id.*

¶ 11 On appeal, counsel avers that he has reviewed the record on appeal and concluded that, because no final orders or appealable interlocutory orders have been entered in the trial court, this court lacks jurisdiction to consider an appeal. We agree.

¶ 12 As an initial matter, we note that respondent's notice of appeal identifies an order dated March 23, 2022, as the judgment being appealed. On that date, the trial court entered an order appointing the public defender to represent respondent for purposes of the pending shelter care hearing, an order appointing CASA as guardian *ad litem* for I.S., and an order directing that a juvenile warrant for I.S. issue.

¶ 13 As a general matter, an appellate court has jurisdiction to hear appeals only from final judgments entered in the circuit court. *Johnson v. Armstrong*, 2022 IL 127942, ¶ 19. A final order or judgment terminates the litigation between the parties on the merits of the case, so that, if affirmed, the trial court need only proceed with the execution of the judgment. *Id.* ¶ 21. None of the March 23, 2022, orders are final orders. We are thus without jurisdiction to consider an appeal from those orders as specified in respondent's notice of appeal. *Id.* ¶ 19. Moreover, even if the March 23, 2022, orders constituted final judgments, respondent would have had 30 days from the entry of the orders in which to appeal them. Ill. S. Ct. R. 303 (eff. July 1, 2017). Respondent's April 12, 2023, notice of appeal is therefore untimely and does not confer jurisdiction.

¶ 14 We also consider that respondent's notice of appeal contains a scrivener's error regarding the date of the order appealed. On March 24, 2023, the trial court entered a temporary custody order restoring to respondent and mother guardianship and custody of I.S. Within 30 days thereafter, on April 12, 2023, respondent filed his notice of appeal. It is conceivable that

respondent made a scrivener's error on the notice of appeal, mistakenly writing "03/23/2022" when he meant March 24, 2023.

¶ 15     Such a scenario provides respondent no assistance. The March 24, 2023, order is nonfinal on its face, being a temporary custody order. Moreover, the matter was set for further status, thereby contemplating further proceedings on the issues that brought I.S. before the court. As a nonfinal order, the March 24, 2023, order does not confer appellate jurisdiction. *Johnson*, 2022 IL 127942, ¶ 19.

¶ 16     Further, in the context of proceedings under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2022)), it is long settled that a dispositional order, which provides for the minor's placement, represents a final judgment for purposes of appeal. *In re J.M.*, 151 Ill. App. 3d 1037, 1038 (1987). By contrast, an adjudicatory order, in which the trial court determines whether a minor is abused or neglected, is but the first step on the road to a dispositional order and does not constitute a final judgment for purposes of appeal. *Id.*

¶ 17     The record on appeal does not contain a dispositional order. At most, the January 13, 2023, order in which both mother and respondent stipulated to the trial court's finding that I.S. was abused or neglected, constitutes a nonfinal adjudicatory order. This order, being nonfinal, does not confer appellate jurisdiction. *Id.*

¶ 18     Interlocutory orders may be rendered appealable under the Supreme Court Rules. Illinois Supreme Court Rule 307(a)(6) (eff. Nov. 1, 2017) provides for an appeal as of right regarding orders "terminating parental rights" or ruling on a temporary commitment in adoption proceedings. The record contains no order terminating respondent's parental rights, so Rule 307 is unavailable to confer appellate jurisdiction; likewise, the record does not indicate that I.S. has been placed for adoption, so Rule 307 remains unavailable to confer appellate jurisdiction.

¶ 19    Finally, Illinois Supreme Court Rule 306(a)(5) (eff. Oct. 1, 2020), provides for a permissive interlocutory appeal of "interlocutory orders affecting the care and custody of *** unemancipated minors." The record reveals no petition for leave to appeal any order entered by the trial court in this case. Rather, respondent's notice of appeal purports to raise an appeal as of right. Rule 306(a)(5), therefore, does not confer appellate jurisdiction.

¶ 20    We have considered all the trial court's orders in the record on appeal and have determined there is no basis to establish our jurisdiction to consider any potential issue on appeal. Accordingly, we must grant counsel's motion to withdraw and dismiss this appeal.

¶ 21                                III. CONCLUSION

¶ 22    For the foregoing reasons, we grant appellate counsel's motion to withdraw and dismiss the appeal.

¶ 23    Appeal dismissed.