NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 260069-U

NO. 4-26-0069

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 5, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* L.O., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Peoria County |
| Petitioner-Appellee, | ) | No. 25JA36 |
| v. | ) | |
| Lacinda O., | ) | Honorable |
| Respondent-Appellant). | ) | David A. Brown, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices Lannerd and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court dismissed the appeal for lack of jurisdiction.

¶ 2    In February 2025, respondent, Lacinda O., gave birth to L.O. Immediately

thereafter, the State petitioned to adjudicate L.O. neglected because respondent's mental health

issues made L.O.'s environment injurious to his welfare (see 705 ILCS 405/2-3(1)(b) (2024)).

¶ 3    Ten months later, at the adjudicatory hearing, the trial court granted L.O.'s

father's motion for a directed finding. (L.O.'s father is not a party to this appeal.) In doing so, the

court dismissed the case in its entirety, meaning it dismissed the State's case against respondent,

too, even though it found respondent remained unfit.

¶ 4    Twenty-nine days later, the State filed a motion to reconsider, and respondent

filed a notice of appeal.

¶ 5    We dismiss this appeal for lack of jurisdiction.

¶ 6                                    I. BACKGROUND

¶ 7            In December 2025, the trial court, orally and in writing, ruled on the State's petition. In its oral ruling, the court found, as to respondent, the "historical allegations *** ha[d] all been established," and the State "ha[d] presented credible evidence in support of, basically, all the paragraphs of the petition." The court noted respondent (1) was found unfit in other termination of parental rights cases; (2) suffered from "a number" of mental health issues, including a bipolar disorder; and (3) could have attained fitness and regained her ability to parent L.O. if she had sought treatment and successfully completed services. However, because she had not, the court determined she remained unfit and her "profound mental health issues *** could definitely negatively impact [L.O.'s] *** well being."

¶ 8            The trial court then observed the State did not present any evidence concerning the father's inability to parent L.O. As a result, it granted the father's motion for a directed finding and dismissed the case in its entirety. See 735 ILCS 5/2-1110 (West 2024).

¶ 9            The trial court's written order provided, "The Court grants Father's motion for direct finding, and dismisse[s] the State's petition. The Court finds that [respondent] remains unfit and closes her case. Father has the duty to protect [L.O.] knowing mother remains unfit."

¶ 10           Given the trial court's ruling, no dispositional proceedings were conducted.

¶ 11           In January 2026, on the same day, the State timely filed a motion to reconsider, and respondent timely filed a notice of appeal. No ruling on the State's motion to reconsider appears in the record.

¶ 12           This appeal followed.

¶ 13                                   II. ANALYSIS

¶ 14           At issue on appeal is whether this court has jurisdiction over this case, which

depends on whether a final judgment was entered in the trial court. Illinois Supreme Court Rule 660(b) (eff. Oct. 1, 2001) provides that, except in certain cases inapplicable here, "appeals from final judgments [under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 *et seq.* (West 2024))] shall be governed by the rules applicable to civil cases." As the word "shall" suggests, compliance with the rules governing the filing of a notice of appeal in cases brought under the Act is both mandatory and jurisdictional. *In re M.J.*, 314 Ill. App. 3d 649, 654 (2000).

¶ 15　　　　　As relevant here, to properly perfect an appeal from an order entered under the Act, a notice of appeal must be filed within 30 days after the entry of a final order. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017). "An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties *** on the entire controversy." (Internal quotation marks omitted.) *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008).

¶ 16　　　　　In the typical case under the Act, an adjudicatory order is not a final and appealable order. Ill. S. Ct. R. 662(a) (eff. Oct. 1, 1975); *In re B.H.*, 218 Ill. App. 3d 583, 586 (1991); *M.J.*, 314 Ill. App. 3d at 654-55; *In re Barion S.*, 2012 IL App (1st) 113026, ¶ 36. Instead, the dispositional order is the final order from which an appeal may be taken. *B.H.*, 218 Ill. App. 3d at 586; *M.J.*, 314 Ill. App. 3d at 655; *Barion S.*, 2012 IL App (1st) 113026, ¶ 36. Generally, if an appeal is filed before the dispositional order is entered, the appeal must be dismissed for lack of jurisdiction. See *In re Winks*, 150 Ill. App. 3d 657, 660 (1986) (holding an appeal filed before a dispositional order is a nullity and must be dismissed).

¶ 17　　　　　In this case, because no dispositional order was entered, it is arguable that respondent never filed a notice of appeal from the trial court's final order. The general rule is that a notice of appeal filed after only the adjudicatory order was entered is premature and of no

effect. See *In re Lee*, 73 Ill. App. 3d 449, 450 (1979).

¶ 18    However, assuming the trial court's December 2025 order was a final order, it was not yet appealable because the State timely filed a motion to reconsider the judgment and requested the trial court reinstate the case against respondent. Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017) provides, "When a timely postjudgment motion has been filed by any party, *** a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion *** becomes effective when the order disposing of said motion or claim is entered." Because respondent's notice of appeal was filed while the State's timely motion to reconsider was pending, it was premature. See *Chand v. Schlimme*, 138 Ill. 2d 469, 476 (1990).

¶ 19    We note that on May 22, 2026, respondent filed a motion to supplement the record, asking, in relevant part, for this court to consider the trial court's May 15, 2026, ruling on the State's motion to reconsider. That May 15 order states the following:

> "Court denies State's Motion to Reconsider and strikes language in prior ruling finding either parent fit or unfit.
>
> Court finds State should not have delayed noticing up this hearing and having it heard.
>
> Court finds case will continue under the current pleadings on this matter."

¶ 20    On May 26, 2026, the State filed an objection to respondent's motion, but regarding respondent's motion to supplement with the May 15 order, the State wrote, "[T]he People have no objection. On May 15, 2026, this court's impediment to jurisdiction was removed given the circuit court resolved the People's Motion for Reconsideration." Given that the State does not object, we grant respondent's motion to supplement only with respect to the May 15 order; we otherwise deny the remainder of the motion.

- 4 -

¶ 21 We disagree with the State that the trial court's resolution of the motion to reconsider resulted in this court obtaining jurisdiction over the appeal. Although the court said it was denying the State's motion, the court also (1) struck the fitness findings from the adjudicatory order and (2) found that the case would continue under the current pleadings. Because the trial court struck the fitness findings, it removed the portion of the adjudicatory order that should have been decided at a separate dispositional hearing. That is, the court's striking the fitness findings means that the court is now required to conduct a dispositional hearing, and respondent's appeal of the adjudicatory order is premature.

¶ 22 This conclusion is bolstered by the trial court's ruling that the "case will continue under the current pleadings on this matter." That language conclusively demonstrates that the trial court reinstated the proceedings under the Act, which was what the State requested in its motion to reconsider. Indeed, in the State's brief, it makes these very points when arguing that this court lacked jurisdiction—namely, that (1) "a ruling in favor of the People would result in vacation of the circuit court's dispositional finding to be addressed in a subsequent dispositional hearing" and (2) if the trial court found that it erred in dismissing the State's petition, "the court's order would only be an adjudicatory order finding L.O. to be a neglected minor," and respondent's appeal would be premature.

¶ 23 Because the trial court subsequently (1) corrected the adjudicatory order to require a dispositional hearing and (2) reinstated the case by finding it would continue under the current pleadings, respondent's notice of appeal was premature, and this court lacks jurisdiction for want of a final and appealable order. Accordingly, we dismiss this appeal.

¶ 24 III. CONCLUSION

¶ 25 For the reasons stated, we dismiss this appeal for lack of jurisdiction.

¶ 26        Appeal dismissed.