PRESIDING JUSTICE APPLETON, dissenting: I respectfully dissent from the decision of the majority and would dismiss this appeal for want of appellate jurisdiction. Despite the recognition of what the trial court attempted to do, sentences imposed on juveniles for criminal offenses are to be of an indeterminate term. 70S ILCS 405/5 — 750(3) (West 2004). That term cannot exceed the maximum adult sentence for the offense charged. 705 ILCS 405/5 — 710(7) (West 2004). The imposition of the sentence to the JDOC is a final order. In re J.N., 91 Ill. 2d 122, 127, 435 N.E.2d 473, 475 (1982). Here, the trial court brought the juvenile defendant back to court after 60 days for a review hearing. This is pursuant to the trial court’s inherent ability to modify, by reduction, any sentence imposed in juvenile cases. See also 705 ILCS 405/5 — 745(1) (West 2004). The assertion of the majority that defense counsel made an oral motion for discharge is not correct. Defense counsel only mirrored the language and original intention of the trial court to review respondent’s status and progress. Absent the filing of a motion for discharge or a change of custody, the trial court was not revested with original jurisdiction. Had such a motion been filed and denied, an appealable order would exist. Here, however, the trial court held a review of the juvenile’s progress, found it wanting, and made no change to the original order. This “review” was pursuant to the continuing jurisdiction of the trial court created by the original petition for adjudication, which resulted in a finding of guilt and imposition of sentence. The opportunity to appeal that sentence ended on the 30th day following its imposition. See 188 Ill. 2d R. 606(a). No new sentence was imposed following review and nothing was done by the trial court to create a reviewable order. I would therefore dismiss the appeal.